**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

CHEN XING, a.k.a. Xing Chen,

        Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

</td><td>

No. 11-73280

Agency No. A094-926-890

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Xing Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration

judge's ("IJ") denial of his applications for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's adverse credibility finding and other factual findings underlying the determination that an applicant is ineligible for asylum and withholding of removal. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010); *Zhou v. Gonzales*, 437 F.3d 860, 864-65 (9th Cir. 2006). We deny the petition for review.

The agency's adverse credibility decision was reasonable and supported by substantial evidence given the totality of the circumstances, including non-trivial inconsistencies within Chen's testimony and between his testimony, his written statement, and his father's letter. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-42 (9th Cir. 2010). We reject Chen's contention that the BIA failed to consider an explanation for why Chen's father did not mention in his letter that police still visit their home looking for Chen. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010).

The BIA properly concluded that, in the absence of credible evidence, Chen cannot establish his eligibility for asylum or withholding of removal. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011); *Shrestha*, 590 F.3d at 1048 (holding that substantial evidence supported denial of withholding of removal because, absent the petitioner's discredited testimony, no objective evidence established a clear probability of persecution).

**PETITION FOR REVIEW DENIED**.